[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs bring this action praying for "1) a decree directing the defendants to specifically perform the agreement set forth in Exhibit A, 2) a decree vesting title to the land in the plaintiff, 3) an injunction restraining the defendants from conveying or encumbering or in any manner disposing of the land.
The defendants allege that Exhibit A was signed and dated October 23, 1991 but deny it was a contract. The defendants allege, and produced evidence at trial that it was a binder to sell Lot #1 subject to a formal contract to be drawn up as they did customarily through their attorney. On or about November 8, 1991 the attorney for the plaintiffs was by letter informed that a contract would be forwarded when available and to sign the instrument so prepared and submit a deposit for $4,180 (Exhibit B). On November 20, 1991 the attorney or the defendants in writing notified the plaintiffs that a restriction which was overlooked would be included in any instrument of conveyance (Exhibit D). Sometime between November 20, 1991 and December 2, 1991 the building restrictions placed upon Lot #1 were discussed between the parties. As of December 2, 1991 the plaintiffs were advised no closing would take place without the restriction as to building size which ran in favor of the owner of Lot #2, property adjoining the subject property.
On December 2, 1991 a witness, Mr. Pucillo who was to be the co-broker of a commission was concerned about the failure on the part of his customers, the plaintiffs, to obtain a mortgage commitment a condition of the agreement and that the plaintiffs might lose their deposit (Exhibit 3). On December 10, 1991 all deposits were directed to be returned to the plaintiffs and the agreement dated October 23, 1991 became null and void (Exhibit 4). CT Page 4264
There was conflicting testimony as to the character of the agreement (Exhibit A) dated October 23, 1991. The defendants correctly point out that the agreement dated October 23, 1991 had several conditions that made the agreement null and void.
Paragraph G provides that if plaintiffs fail to obtain a commitment within specified period, the agreement is null and void. The plaintiffs argue that it was futile for them to obtain a commitment because they were already advised that the conveyance would not take place without the restriction.
More importantly, Paragraph L is controlling of this decision.
 L. CONDITION OF TITLE: It is understood and agreed that the title herein required to be conveyed by the SELLER shall be marketable and the marketability thereof shall be determined in accordance with the Standards of Title of the Connecticut Bar Association now in force. It is also agreed that any and all defects in or encumbrances against the title, which come within the scope of said Title Standards, shall not constitute a valid objection on the part of the BUYER, if such Standards do not so provide; provided, the SELLER furnishes any affidavits or other instruments which may be required by the applicable Standards. If, at the time of closing, the SELLER shall be unable to convey marketable title to said premises to the BUYER, then the BUYER may elect to accept such title as SELLER can convey, upon payment of the purchase price, or may reject the deed conveying such unmarketable title. Upon such rejection, all sums paid on account hereof, together with the reasonable fees for the examination of the title shall be repaid to BUYER without interest thereon. Upon such rejection this Agreement shall terminate and become null and void and the parties hereto shall be released and discharged of all further claims and obligations each to the other.
The plaintiffs, buyer in this case, were seeking to protect their deposit. However, once they accepted the return of the deposit the agreement was terminated. The fact that they sought the mortgage on terms on different conditions than recited in the agreement lends credence to the claim that such action was CT Page 4265 unfair. (Defendants' post trial brief, pp. 9-10.)
From all the evidence adduced at trial the court concludes that the plaintiffs have failed to convince the court that the relief sought should be granted. When the plaintiff accepted the return of the deposit, it terminated the agreement and it became null and void. They accepted the return of the deposit thereby terminating all obligations on the part of the defendants notwithstanding that the defendants are still ready, willing, and able to convey title subject to the restriction as to building size. (L. Condition of Title), supra.
The defendants were within their rights not to grant an extension of time for obtaining a mortgage commitment.
Accordingly, judgment may enter in favor of the defendants.
Frank S. Meadow State Trial Referee